## No. 25-1659

# United States Court of Appeals
### *for the*
## Fourth Circuit

JOHN EICHIN,

*Plaintiff-Appellant,*

– v. –

ETHICON ENDO-SURGERY, LLC; ETHICON ENDO-SURGERY INC.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT FLORENCE

# REPLY BRIEF OF APPELLANT

Brandon C. Hall
HART, DAVID, CARSON, LLP
141 Traction Street, Suite 2136
Greenville, South Carolina 29601
(312) 768-0089

Joshua T. Hawkins
Helena L. Jedziniak
HAWKINS & JEDZINIAK, LLC
1225 South Church Street
Greenville, South Carolina 29605

Hunter L. Windham
LAW OFFICE OF HUNTER L. WINDHAM, LLC
177 Grove Street
Charleston, South Carolina 29403
(843) 402-8057

*Counsel for Appellant*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

ARGUMENT ..................................................................................................1

CONCLUSION ...............................................................................................4

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*Hebb v. City of Asheville, N.C.*,
     145 F.4th 421 (4th Cir. 2025) ....................................................................................2

*In re Lone Star Industries, Inc.*,
     Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994) ................1

## ARGUMENT

Mr. Eichin missed his deadline to name an expert to support his product-liability claims by a mere twenty days. Once he discovered the exact model number of the surgical stapler, he immediately moved to amend the district court's scheduling order to name an expert witness in support of his claims. This is exactly the scenario where there is good cause to amend a scheduling order. *See In re Lone Star Industries, Inc.*, Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994) (holding there was good cause for deviation from a deadline set in the scheduling order when "evidence needed . . . did not surface until after the amendment deadline" and the party who received the new evidence "served its motion to amend only *thirty-six days* after the deadline"). The procedural history below reveals a narrowing of the issues as the litigants moved towards trial — several parties were added and dismissed as new facts and information were ascertained during discovery. Any delay in the action below is due to the complicated nature of the case, and especially the opacity of record-keeping surrounding the tools used during Mr. Eichin's surgery.

Ethicon Endo-Surgery, LLC and Ethicon Endo-Surgery Inc. (the "Ethicon Entities"), which had been in the action for only eight months before filing for summary judgment, argue there was not good cause or excusable neglect justifying an extension of the deadline to name an expert witness. But before they get to their

1

merits arguments, they opine that this Court lacks jurisdiction of this appeal, hoping the Court will avoid delving into the timeline of the litigation below. Contrary to the Ethicon Entities' arguments, this Court has jurisdiction over this appeal because Mr. Eichin did appeal the district court's order granting summary judgment, which is a final judgment.

As the Ethicon Entities correctly point out, a district court's prior interlocutory rulings necessarily merge into a final judgment and are therefore avenues for argument on appeal. *See Hebb v. City of Asheville, N.C.*, 145 F.4th 421, 432 (4th Cir. 2025). In Mr. Eichin's Opening Brief, he appealed a final judgment – the summary judgment order – as part and parcel of his argument that the district court erred in finding there was not good cause to grant Mr. Eichin an extension of time to name an expert witness. *See* Appellant's Op. Br. at 1 (stating that the first issue on appeal is "[w]hether the district court erred in relying on two key erroneous facts . . . when it denied Mr. Eichin's motion to amend the scheduling order *and granted the Ethicon Entities' motion for summary judgment*") (emphasis added); *see also* Appellant's Op. Br. at 8–9, 11, 20.  Mr. Eichin directed this Court to the key issue on appeal, which is whether there was good cause to extend the expert deadline, since the district court "conclude[ed] that without an expert testifying as to any design defect or as to causation of the injury, Mr. Eichin's product defect claims failed as a matter of law." Appellant's Op. Br. at 8–9.

Tellingly, the order Mr. Eichin seeks relief from is a *single order*, in which the district court denied Mr. Eichin's motion to amend the scheduling order to allow him additional time to name an expert witness, and then granted summary judgment for the *sole* reason that "[Mr. Eichin] had failed to identify or submit the written report of an expert" in support of his product-liability claims. JA533. The district court gave no other reasons for granting summary judgment and dismissing Mr. Eichin's product-liability claims. In Mr. Eichin's Opening Brief, he explicitly appealed the grant of summary judgment to the Ethicon Entities, arguing that the district court would not have granted summary judgment had it correctly found that there was good cause to allow Mr. Eichin additional time to name an expert witness. The district court would have ended its analysis there, either denying as premature or holding in abeyance any ruling on the motion for summary judgment. On remand, the district court would extend the expert deadline and permit dispositive motions at a later date.

As a last-ditch jurisdictional argument to avoid the merits of this appeal, the Ethicon Entities cite to several cases regarding a district court's dismissal of claims for a party's "failure to prosecute." Appellee's Resp. Br. at 11–12. But the district court below made clear that its dismissal was based on Rule 56, pertaining to summary judgment. *See* JA526–528 (outlining the applicable legal standard for review). Unlike the cases listed in the string citation provided by the Ethicon Entities,

3

*see* Appellee's Resp. Br. at 12, the district court below did not mention Rule 41(b), a party's failure to prosecute, or sanctions in its order dismissing Mr. Eichin's product-liability claims. In ironic fashion, the Ethicon Entities are now trying to convince this Court that Mr. Eichin failed to prosecute his causes of action just as they convinced the district court below of the erroneous fact that Mr. Eichin knew the exact stapler at issue months before his deadline to name an expert.

## CONCLUSION

When Mr. Eichin filed this action, he knew there were open recalls of several surgical staplers which would have been used during his surgery. He also knew that his injuries were consistent with a malfunctioning of staples inserted via a stapler, and the most likely conclusion is that the surgical stapler was defective. He did not know the exact staplers that were used during his surgery, and he only had a hunch as to their manufacturers. Those questions have now been resolved, and Mr. Eichin stands ready to name an expert witness to support his claims for products liability relating to the Ethicon Entities' ECS33A model surgical stapler. Mr. Eichin asks this Court to reject the Ethicon Entities' invitation to permit them to sidestep responsibility for their products via either their jurisdictional or merits arguments, and to remand this case back to the district court with instructions to allow Mr. Eichin to name an expert witness to support his product-liability claims.

4

Respectfully submitted,

/s Hunter L. Windham
THE LAW OFFICE OF HUNTER L. WINDHAM, LLC
177 Grove Street
Charleston, South Carolina 29403
(843) 402-8057

Brandon C. Hall
HART, DAVID, CARSON, LLP
141 Traction Street, Suite 2136
Greenville, South Carolina 29601
(312) 768-0089

Joshua T. Hawkins
Helena L. Jedziniak
HAWKINS & JEDZINIAK, LLC
1225 South Church Street
Greenville, South Carolina 29605

December 1, 2025

5

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

No. __25-1659__        **Caption:** __John Eichin v. Ethicon Endo-Surgery, LLC__

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

---

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. <u>See</u> Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

---

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

---

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

---

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains _____887_____ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using
Microsoft Word _____ [*identify word processing program*] in
14 point Times New Roman _____ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) __Hunter L. Windham_____

Party Name __Appellant_____

Dated: __12/01/2025_____

12/01/2024  NA